UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GWENDOLYN CREER,                          No. 2:09-cv-02210-MCE-KJM

       Plaintiff,

  v.                                      MEMORANDUM AND ORDER

AT&T UMBRELLA BENEFIT
PLAN NO. 1,

       Defendant.

----oo0oo----

Pursuant to Federal Rule of Civil Procedure 55(c), presently before the Court Defendant AT&T Umbrella Benefit Plan No. 1 ("Defendant") moves to set aside the default entered against it by the Clerk on October 27, 2009.  Defendant also moves to dismiss the Complaint of Plaintiff Gwendolyn Creer ("Plaintiff") for insufficient service of process and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2) respectively.  For the reasons set forth below, Defendant's Motions are granted in part and denied in part.

1

**BACKGROUND**

On August 10, 2009, Plaintiff filed a lawsuit against Defendant under the Employee Retirement Income Security Act, 29 U.S.C. 1132(a)(1)(B) ("ERISA"). Plaintiff seeks recovery of denied long-tern disability benefits under the Plan.

Plaintiff attempted to serve Defendant on September 1, 2009 by mailing the Summons and Complaint to the following address listed on Defendant's 2006 IRS form 5500:

> President
> AT&T, Inc.
> 175 E. Houston 8-Q-6
> San Antonio, Texas 78205

Defendant asserts that this address is outdated and wrong for service of process. Instead, Defendant alleges that the 2006 Plan documents pertinent to Plaintiff indicated the following address for Defendant and its agent for service of process:

> AT&T, Inc.
> P.O. Box 29690
> San Antonio, Texas 78229

Defendant states that use of this address would have properly forwarded service to its current location.

Furthermore, Defendant states that the Plan documents in effect at the time Plaintiff filed her complaint indicated the following address for service in process:

> AT&T, Inc.
> P.O. Box 29690
> San Antonio, Texas 78229

Because Plaintiff sent service to the Houston street address, Defendant claims it did not have timely notice that service had been attempted on it.

1   Plaintiff claims however that the address used did
2  effectuate proper service.  To support their claim, Plaintiff
3  provides a copy of a Return Receipt for the Summons and Complaint
4  signed by an "Albert Alonzo".  Defendant asserts that it has no
5  record of an employee, either former or current, named Albert
6  Alonzo.
7    On October 27, 2009 an entry of default was entered against
8  Defendant due to failure to respond to the complaint.  Defendant
9  states that it was not until the next day, October 28, 2009, that
10 Christine Holland, Associate Director of Benefits, received the
11 Summons and Complaint at her office in Dallas, Texas.

**ANALYSIS**

15   As a general rule, default judgments are ordinarily
16 disfavored.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.
17 1986).  Cases should be decided upon their merits whenever
18 reasonably possible.  Pena v. Seguros La Comercial, S.A., 770
19 F.2d 811, 814 (9th Cir. 1985).
20   Federal Rule of Civil Procedure 55(c) allows a court to set
21 aside the entry of default "for good cause shown."  Fed. R. Civ.
22 P. 55(c); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696
23 (9th Cir. 2001).  A court's discretion in granting such relief is
24 especially broad when it is considering an entry of default
25 rather than a default judgment.  O'Connor v. State of Nevada, 27
26 F.3d 357, 364 (9th Cir. 1994).
27 ///
28 ///

It is clear that there was simply confusion among the parties regarding the proper address for service. The Motion to set aside the default is granted on the grounds that service was improper. However, Defendant's Motion to Dismiss the Complaint based on improper service is denied in light of the confusion and the fact this Court is setting aside the default and allowing service to be effectuated.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Set Aside the Default (Docket No. 10) is GRANTED. Defendant's Motion to Dismiss the Complaint (Docket No. 10) is DENIED.[1] The Clerk's office is directed to set aside the default entered against Defendant on October 27, 2009.

Plaintiff may effectuate service not later than twenty (20) days after the date this Memorandum and Order is filed electronically.

IT IS SO ORDERED.

Dated: January 15, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).